UNITED STATES of America,
Plaintiff–Appellee,

v.

Sergio OCHOA–TORRES,
Defendant–Appellant.

Nos. 12–50343, 12–50345.

United States Court of Appeals,
Ninth Circuit.

Submitted July 24, 2013.*

Filed Aug. 2, 2013.

Michelle Montgomery Pettit, Esquire, Bruce R. Castetter, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Daniel Casillas, Law Office of Daniel Casillas, San Diego, CA, for Defendant–Appellant.

Before: ALARCÓN, CLIFTON, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

In these consolidated appeals, Sergio Ochoa–Torres appeals from the 13–month sentence and three-year term of supervised release imposed following his guilty-plea conviction for being a deported alien found in the United States, in violation of 8 U.S.C. § 1326; and the 12–month sentence imposed upon revocation of supervised re-lease. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Ochoa–Torres contends that the district court procedurally erred by failing to explain sufficiently why it imposed a three-year term of supervised release. We review for plain error, see United States v. Valencia–Barragan, 608 F.3d 1103, 1108 (9th Cir.2010), and find none. Ochoa–Torres has not shown a reasonable probability that he would have received a different sentence had the court given a more detailed explanation of the sentence. See United States v. Dallman, 533 F.3d 755, 762 (9th Cir.2008).

Ochoa–Torres further contends that the three-year term of supervised release is substantively unreasonable. The district court did not abuse its discretion in imposing supervised release. See Gall v. United States, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The imposition of supervised release was substantively reasonable in light of Ochoa–Torres's extensive criminal history, which included multiple immigration offenses. See id.; see also U.S.S.G. § 5D 1.1 cmt. n. 5 (district court should consider imposing term of supervised release on deportable alien if it determines supervised release would provide an added measure of deterrence and protection).

Ochoa–Torres next contends that he was denied his right of allocution under Federal Rule of Criminal Procedure 32(i)(4)(A)(ii). The record belies Ochoa–Torres's contention. The district court stated its tentative sentencing decision, but then permitted Ochoa–Torres to allocute before imposing the final sentence. See United States v. Laverne, 963 F.2d 235, 237–38 (9th Cir.1992).

---

* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Ochoa–Torres finally contends that the district procedurally erred by failing to explain sufficiently the 12–month revocation sentence. We review for plain error, *see Valencia–Barragan*, 608 F.3d at 1108, and find none. The district gave a sufficient explanation for the revocation sentence.

**AFFIRMED.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.